**Byron Keith COOPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–92–533.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1996.

*ORDER REVERSING JUDGMENT AND SENTENCE AND REMANDING FOR A NEW TRIAL*

This case was remanded to this Court by the Supreme Court of the United States, which reversed Appellant's conviction based on a Due Process violation which occurred when Appellant was required to prove he was not competent to stand trial by clear and convincing evidence. *Cooper v. Oklahoma,* — U.S. —, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). On July 25, this Court remanded the case to the District Court with an Order directing the District Court to determine whether it was feasible to conduct a retrospective post-evaluation competency hearing.

On August 22, 1996, the District Court issued its findings, determining a retrospective post-examination competency hearing "in this particular case" would not be feasible.

Accordingly, based on the Due Process violation found in *Cooper v. Oklahoma,* — U.S. —, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), and the findings of the District Court that a retrospective post-examination competency hearing would not be feasible, we find Appellant's conviction in Oklahoma County Case No. CF–89–5084 for First Degree Murder must be **REVERSED** and **REMANDED** for a **NEW TRIAL.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice–Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

STRUBHAR, J., not participating.